## New York Marine Court.

*Special Term—December,* 1882.

## BACON ET AL *against* GOLDSMITH ET AL.

**Supplementary proceedings.—Power to limit examination.—** Where it appeared that the judgment debtors had made a general' assignment for the benefit of creditors, and that the judgment creditors had filed a bill in the superior court to set the assignment aside,—*Held*, that the examination of the debtors on supplementary proceedings in the marine court should be limited to property acquired since the general assignment.

McAdam, J.—The judgment debtors made a general assignment for the benefit of their creditors, November 1, 1881, so that jurisdiction of the assigned estate

is now vested in the court of common pleas (*L.* 1877, c. 466, § 24), and that court may, in a proper case, direct the assignors to submit to an examination (*Bishop on Insolvent Debtors*, §§ 309, 310) respecting the assigned property. The plaintiffs have commenced an action in the superior court, to set aside the assignment as fraudulent and void. The complaint in that action alleges, "that the defendants have no property other than that entered in said assignment." This complaint was verified by the plaintiffs August 21, 1882. The defendants have been examined on prior supplementary proceedings, in one of which a receiver has been appointed. The plaintiffs seek to examine the defendants under similar proceedings, founded on a judgment recovered in this court. The plaintiffs are entitled to the examination as of right, subject to the power of the court to limit and control it. Considering the fact that the common pleas may permit an examination of the defendants in that court, and that the superior court may permit an examination in the action pending there ; and the additional fact, that all of the defendants' property has passed to the assignee, who is under the control of the court of common pleas, the plaintiffs must be limited, in their examination of the defendants, to transactions had, and property acquired, since the delivery of the assignment.

To allow the plaintiffs to go behind the assignment in their examination of the defendants, would be to permit the discovery of evidence, rather than of property. The possibility that the two courts named may not facilitate the plaintiffs in getting what they desire, gives them no right to demand that this court shall, in an indirect manner, furnish that which the other courts decline to countenance. The receivership already existing will be extended over this proceeding, if the plaintiffs desire. If the receiver is objectionable, the application to remove him must be made to the court which appointed him.